DUTTON vs. DUPUY ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

It is unnecessary for a party applying for an injunction, to swear that the facts set forth, render an injunction, in his opinion, necessary.

A new trial annuls the execution on the former judgment.

This suit was brought to stay proceedings, until further order of the court, under a writ of *fieri facias*, alleged to have been illegally issued against the plaintiff, and likewise to suspend the sale of the plaintiff's property, already seized under said writ. The suit was brought against the sheriff, who had executed the writ by the seizure, and the plaintiff in the suit in which it had been issued.

Judgment was rendered in the former suit, on the second day of November, 1831, being the last day of the session of the court for that term. The writ issued on the thirteenth day of January, following. Three judicial days had not elapsed between the rendition and the signing of the judgment.

An injunction issued agreeably to the prayer of plaintiff's petition, and a motion to dissolve was made by the defendants, on the following grounds of error, apparent on the face of the record. 1. The plaintiff's action is groundless in the premises, in the form and remedy. 2. Insufficient showing and affidavit. The court dissolved the injunction, and condemned the plaintiff and his surety, jointly, to pay the defendant (the sheriff) ten per cent. per annum, on the amount of the judgment.

A motion for a new trial was refused, and the plaintiff appealed.

*Labauve*, for appellant.

1. The judgment below is erroneous on the face of the record.

2. The plaintiff's showing was sufficient in law, to sustain the action. The plaintiff clearly showed that the judgment was signed the same day of its rendition, that three judicial days had not elapsed when the execution issued, and that judgment was not yet final. Plaintiff had a right to move for new trial at the next term. 7, *N. S. p.* 233.

*Burk* and *Davis*, for appellees.

1. The oath is insufficient. *Code of Practice, art.* 304.
2. Petition shows no cause of action. 5. *N. S.* 344.
3. Appeal is frivolous, and taken for delay. *Code of Practice*, 907.

MARTIN, J. delivered the opinion of the court.

The plaintiff complains of the dissolution of an injunction he had obtained, to stay the execution of a judgment pronounced and signed on the last day of a term.

The counsel for the appellee, has contended that the injunction had been improperly obtained, as the applicant had not made oath, that the facts stated in the petition, rendered, in his belief, the injunction necessary. Further, that, as the judgment was rendered on the last day of the term, a new trial ought to have been moved for, before the court adjourned. *Code of Practice* 904, 5 *Martin, N. S.* 244.

It does not appear to us, that either of these grounds, authorised the dissolution of the injunction.

*It is unnecessary for a party applying for an injunction, to swear that the facts set forth, render an injunction, in his opinion, necessary.* The Code does indeed require an oath of the truth of the facts, which in the applicant's belief, render an injunction necessary. When he has done so, the magistrate applied to, is judge of this necessity, and it does not appear to us, that the Code requires him to be informed, that on the applicant's belief this necessity exists.

The case cited from the new series, was, we believe, that of a judgment rendered before the Code of Practice went into operation, as the court refers to a provision in 2 *Martin's Digest*, which the Code has repealed. The deci-

EASTERN DIS.
January, 1833.

sion is of 1826, and there was no session of the Supreme Court at Alexandria in 1825.

Although the injuction appears to have been improperly dissolved, we think that justice requires that the case should be remanded, in order that it may be ascertained, whether a new trial was granted at the term following that on which the judgment was rendered. For if a new trial was had, the judgment on which the execution stayed, issued, has lost its effect, and it would be idle to dissolve the injunction staying its execution, because the party would certainly, after the dissolution, be entitled to another injunction.

The case was not heard below on the merits, but on exceptions taken to irregularities, apparent on the face of the paper; whereby the appellant had not the opportunity of going into the merits of the case: showing, if such were the fact, that a new trial was obtained, and by placing these facts on the record, entitling himself to relief at our hands.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, reversed and set aside, and the case remanded, with directions to the judge, to proceed thereon, according to law, the appellee paying costs in this court.